UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

THOMAS ALVORD,

                Plaintiff,                Case No.

      v.

ABEMS HOLDINGS, LLC d/b/a LIONS
FINANCIAL GROUP, and ASHER KLEIN, individually

                Defendants.
-----------------------------------------------------------------------

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Like most Americans, Thomas Alvord ("Thomas") has a mobile residential telephone.

2. Being mobile, Thomas takes this phone everywhere. He uses this phone to receive and make important calls, to get emergency information, and to receive and send text messages to family members and friends. Thomas uses this phone regularly for personal enjoyment.

3. But Thomas' privacy and phone were both invaded by Defendants, Abems Holdings, LLC (hereinafter "Abems") and Asher Klein (hereinafter "Klein"), who called him at least forty-four (44) times over four (4) months.

4. Thomas has no relationship with Abems or Klein, has no account with Abems or Klein, has never provided any phone number to Abems or Klein, and has never consented to Abems or Klein sending any type of communication.

5. Thomas has tried to eliminate the harassment and invasion of privacy from unauthorized calls by registering on the National Do Not Call Registry ("DNCR"), but even that did not work.

6. Defendants knew they were making calls to people who did not consent to receive them.

7. But Abems and Klein did nothing to change its practices.

8. Instead, Defendants simply continued to blast calls without caring if consent was obtained or if the recipient was on the DNCR.

9. "Robocalls and robotexts are nuisances. Congress banned them in the Telephone Consumer Protection Act of 1991 ("TCPA"). But as every American knows, there are companies—like the defendant in this case—who refuse to get that message while collectively sending millions of others." *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 688 (5th Cir. 2021).

10. Because of Defendants' continuing violations of the law, Thomas brings this action to enjoin these abusive practices, and for damages.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA which is a federal statute.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside in and conduct business in this district.

13. This Court has personal jurisdiction over Defendants because Defendants reside in New York.

## PARTIES

14. Thomas Alvord is an individual and is a resident of Jackson County, Missouri.

15. Defendant, Abems Holdings, LLC is a for profit limited liability company with its principal place of business at 266 47th Street, Brooklyn, New York 11220.

16. Asher Klein is an individual and is a resident of Kings County, New York.

## FACTUAL ALLEGATIONS

17. Abems is a company that provides business capital in the form of loan, lines of credit and other financing products.

18. Klein is the CEO and Founder of Abems.

19. On or about July 2021, Thomas began receiving telemarketing calls to his cell phone from Abems. His privacy and phone have been invaded by the non-emergency telemarketing calls from Abems and Klein.

20. Thomas is the residential subscriber of the cell phone number (801) 735-1968. He uses this number only for personal use and does not use it in any business. He registered (801) 735-1968 on the DNCR to stop telephone solicitations.

21. Abems and Klein knowingly and willfully called Thomas at least forty-four (44) times.

22. When Defendants made the forty-four calls, Thomas' number (801) 735-1968 was registered on the DNCR.

23. Thomas never provided his number to Abems or Klein, never had a relationship with Abems or Klein, and never gave permission to Abems and Klein to send any type of communication.

24. These calls advertised the commercial availability of business loans and encouraged Thomas to apply for a business funding.

25. The calls were made using an Automatic Telephone Dialing System ("ATDS"). This is based on the following facts:

   i. after the call was answered, there was a beep and then a pause before the caller started talking;

   ii. Abems and Klein abandoned calls before the call had rung at least 15 seconds, specifically on July 26, 2021 and September 17, 2021;

   iii. multiple people have reported getting unsolicited calls from Abems and Klein; and

   iv. the phone numbers spammed by Abems and Klein appear to be randomly or sequentially produced not from information consensually provided to Abems and Klein but from bots, public data sources, or some other means;

26. The calls did not disclose the name of the individual nor the name of the entity on whose behalf the calls were made.

27. In fact, Defendants went to great lengths to hide their true identity. Defendants regularly left voicemails using a fake DBA. When Thomas asked for more information, Defendants sent an email from lionsfinancialgroup.com. Lions Financial Group also contains a LinkedIn account. But this was all just sham to hide their true identity. Lions Financial Group is neither a DBA nor an incorporated entity. In fact, Lions Financial Group is not an entity that Defendants operate under, except when engaging in telemarketing to hide their identity.

28. Only after Thomas asked for more information about the company was Thomas put in touch with Klein directly. Klein told Thomas that he is the owner of Abems, that he runs Abems, and that he oversees and authorizes all the telemarketing for Abems.

29. The unwanted calls invaded Thomas' substantive right to privacy, namely the right to be free from unsolicited telemarketing calls.

30. These calls have caused Thomas frustration, stress, anxiety, and worry about scammers. The calls hinder him from determining the purpose of the call, from making a do-not-call request, and from monitoring compliance with the TCPA rules. The calls cause Thomas to avoid looking at his phone when it may be important. The calls also reduce the storage and battery life on his phone. The calls dimmish the value of his phone and his enjoyment of life. In short, the calls invade Thomas' privacy and cause a nuisance, an annoyance, and an intrusion into his seclusion.

31. This injury to Thomas was done by Abems and Klein with the intent to cause harm or with the knowledge that the harm was substantially certain to result from their actions.

32. Injury from spam is well known. The *State of the Call 2021* report by *hiya*, which analyzed 150 billion calls, reveals: "We each received an average of 144 spam calls last year—58% of which were fraudulent. These calls are frustrating to all of us." https://f.hubspotusercontent30.net/hubfs/6751436/Marketing%20Content/WP-2102-State-of-the-Call-PDF.pdf (last accessed October 14, 2021). Abems and Klein would have not only believed,

but would have known, that making unsolicited calls was substantially certain to cause the injury that the TCPA was meant to protect against, namely, an invasion of privacy, nuisance, annoyance, etc.

33. Abems and Klein intentionally sent the text messages in violation of the law, which was the cause of the invasion of privacy, nuisance, annoyance, etc. Abems and Klein did this simply for gain and profit, and without any just cause or excuse.

## LEGAL STANDARD

34. The TCPA provides that no person or entity shall make a call "using an automatic telephone dialing system or an artificial or prerecorded voice… [t]o any… cellular telephone" unless the call is "made for emergency purposes or made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii); see also 47 C.F.R. § 64.1200(a)(1).

35. If the call "introduces an advertisement or constitutes telemarketing" then "prior express _written_ consent" is required. 47 C.F.R. § 64.1200(a)(2) (emphasis added).

36. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

37. The TCPA proscribes callers from making "any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." *Id.*

38. The TCPA prohibits callers from telemarketing to a residential telephone subscriber without instituting certain procedures, including a procedure for the individual caller to disclose their name and the name of the entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d).

39. Callers may not "disconnect an unanswered telemarketing call prior to at least 15 seconds." 47 C.F.R. § 64.1200(a)(6).

40. Both phone calls and text messages are a "call" under the TCPA. *Satterfield v. Simon Schuster,* 569 F.3d 946, 954 (9th Cir. 2009).

41. Wireless subscribers may put their number on the DNCR. 47 C.F.R. § 64.1200(e).

42. An individual may be personally liable for TCPA violations when personally involved in making or authorizing the calls. 47 U.S.C. § 217; *Jackson Five Star Catering, Inc. v. Beason*, No. 10-10010, 2013 WL 5966340, at *4 (E.D. Mich. Nov. 8, 2013).

43. The Supreme Court recently recognized again the invasion of privacy from these calls. "In enacting the TCPA, Congress found that banning robocalls was 'the only effective means of protecting telephone consumers from this nuisance and privacy invasion.'… In plain English, the TCPA prohibited almost all robocalls to cell phones." *Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2344, 207 L. Ed. 2d 784 (2020).

## FIRST CAUSE OF ACTION:
### Violations of 47 C.F.R. § 64.1200(a)(1)-(2)

44. Abems and Klein used an ATDS, artificial voice, or prerecorded voice to contact Thomas in violation of 47 C.F.R. 64.1200(a)(1)-(2).

45. As a result of Abems' and Klein's violations of 47 C.F.R. § 64.1200(a)(1)-(2), Thomas has been damaged and is entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Because Abems and Klein knowingly and willfully violated 47 C.F.R. § 64.1200(a)(1)-(2), the court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B)-(C).

47. Thomas also seeks injunctive relief prohibiting Abems and Klein from using an ATDS, artificial voice, and prerecorded voice when making telemarketing calls without the prior express written consent of the called party.

## SECOND CAUSE OF ACTION
### Violations of 47 C.F.R. § 64.1200(c)

48. Abems and Klein made telephone solicitations to the residential cellular telephones of Thomas while on the National Do Not Call Registry in violation of 47 C.F.R. § 64.1200(c).

49. As a result of Abems' and Klein's violation of 47 C.F.R. § 64.1200(c), Thomas has been damaged and is entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

50. Because Abems and Klein knowingly and willfully violated 47 C.F.R. § 64.1200(c), the court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

51. Thomas also seeks injunctive relief prohibiting Abems and Klein from making telephone solicitations to phone numbers on the DNCR.

## THIRD CAUSE OF ACTION
### Violations of 47 C.F.R. § 64.1200(d)

52. Abems and Klein made telemarketing calls to the residential cellular telephone of Thomas without instituting procedures to ensure that they disclosed the name of the individual caller and the name of the entity on whose behalf the calls were made, in violation of 47 C.F.R. § 64.1200(d).

53. As a result of Abems' and Klein's violations of 47 C.F.R. § 64.1200(d), Thomas has been damaged and is entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

54. Because Abems and Klein knowingly and willfully violated 47 C.F.R. § 64.1200(d), the court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(c)(5)(B)-(C).

55. Thomas also seeks injunctive relief requiring Abems and Klein to disclose the actual name of the individual and the actual name of the incorporated entity on whose behalf any telemarketing calls are made.

### FOURTH CAUSE OF ACTION:
### Violations of 47 C.F.R. § 64.1200(a)(6)

56. Abems and Klein disconnected telemarketing calls to Plaintiff without letting the call ring for at least 15 seconds in violation of 47 C.F.R. 64.1200(a)(6).

57. As a result of Abems and Klein's violations of 47 C.F.R. § 64.1200(a)(6), Plaintiff has been damaged and is entitled to an award of $500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Because Abems and Klein knowingly and willfully violated 47 C.F.R. § 64.1200(a)(6), the court should award $1,500.00 in statutory damages for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B)-(C).

59. Plaintiff also seeks injunctive relief prohibiting Abems and Klein from disconnecting telemarketing calls without letting the calls ring for at least 15 seconds.

### RELIEF REQUESTED

Thomas respectfully requests the Court grant the following relief against Defendants:

A. Thomas seeks an amount to be determined at trial that is not less than $66,000 as a result of at least 44 violations of 47 C.F.R. § 64.1200(a)(1)-(2).

B. Thomas seeks an amount to be determined at trial that is not less than $6,000 as a result of at least 2 violations of 47 C.F.R. § 64.1200(a)(6).

C. Thomas also seeks an amount to be determined at trial that is not less than $66,000 as a result of at least 44 violations of 47 C.F.R. § 64.1200(c).

D. Thomas also seeks an amount to be determined at trial that is not less than $66,000 as a result of at least 44 violations of 47 C.F.R. § 64.1200(d).

E. Thomas seeks a finding that the injuries caused by Abems and Klein were willful and malicious.

F. Thomas seeks costs pursuant to 28 U.S.C. § 1920.

G. Thomas seeks judgment interest pursuant to 28 U.S.C. § 1961.

H. Thomas seeks injunctive relief prohibiting such conduct in the future.

I. Thomas seeks any other relief the Court may deem just and proper.

## JURY DEMAND

Thomas requests a jury trial as to all claims of the complaint so triable.

Dated: December 21, 2021

**LawHQ, LLC**

/s/ *Alla Gulchina*
Alla Gulchina
LawHQ, LLC
99 Washington Avenue
Suite 805A
Albany, NY 12210
T: (385) 285-1090